## Renziehausen *versus* Keyser *et al.*

*Marriage articles.—Trust for protection of property of wife, during marriage, terminated by death of husband.—Conveyance considered as made, in actions touching trust property.—Where trustees bound to reconvey at expiration of the trust.*

1. Where by marriage articles between a single woman, her intended husband, and trustees, her estate real and personal, was conveyed in trust to apply the personal estate to the payment of his debts, furniture for their house, support and maintenance, and the residue for investment; and to let the real estate upon lease for years or on ground-rent, or to make improvements or buildings upon the same, with a provision for borrowing money therefor and mortgaging the real estate as security, &c., and, at his death, to deliver over, transfer, and reconvey to her, all her estate and the balance of income in hand, and to cause the same to be revested in her; it was *held*, that the trust terminated at the death of the husband, and the legal and equitable title in the real estate revested in the widow.

2. Therefore, where the trustee, who succeeded to the trust, had, during its existence, conveyed land by deed upon ground-rent, the widow was held, at the death of the husband, entitled to receive the arrears, and to take all legal measures to recover them.

ERROR to the District Court of *Allegheny county*.

This was an action of replevin, issued October 19th 1863, by George Renziehausen against George Keyser and Agnes M. Mahon, for a lot of clothing and satinetts, valued at $150, in which the property was replevied and delivered to the plaintiff.

The defendants admitted the taking, but claimed for rent in arrear, as ground landlord of the store, lot of ground, and premises in which the goods were at the time of the taking, which they averred the plaintiff for the space of two years, up to October 1st 1863 and up to the time of taking the goods, held and enjoyed under a grant or demise thereof, theretofore made at a yearly ground-rent of $360, payable quarterly on the first days of April, July, October, and January, of which one quarterly payment of $90 was due and unpaid when the said goods were distrained.

After the plaintiff had closed his testimony, the defendants admitted the taking and offered in evidence a ground-rent deed of Robert Robb, party of the first part, and John D. Mahon and Agnes M. Mahon, his wife, of the second part, and Z. L. Eisner, of the third part, dated May 4th 1854, recorded in Vol. 115, p. 141; rent $360, in quarterly payments, 1st July, &c., &c.; and proposed to follow up this evidence by showing the marriage articles therein referred to, the death of John D. Mahon on the 3d of July 1861, the assessment of the lot described in the foregoing deed, subject to this ground-rent, to the present plaintiff, with notice of the death of Mr. Mahon to the plaintiff, and demand of the rent, together with the landlord's warrant, dated October 6th 1863, and the distress thereon made the 15th October 1863.

[Renziehausen *v.* Keyser *et al.*]

Plaintiff's counsel objected to the evidence as incompetent and irrelevant, but the court overruled the objection and admitted the evidence.

The defendants then offered marriage articles, dated 15th January 1833, and duly recorded, J. D. Mahon and Agnes M. Rose, of the first and second part, and B. Darlington and A. Way, of the third part, a portion of which will be found in the opinion of this court.

Ground-rent deed, dated 4th May 1854, duly recorded, Robert Robb of the first part, J. D. Mahon and wife of the second part, and Z. L. Eisner of the third part; reserving an annual ground-rent of $360, payable quarterly, on the 1st of April, July, and January, for the property on which the distress was made.

Indenture dated 11th September 1856, by Z. L. Eisner and wife to G. Renziehausen, the present plaintiff, for the lot described in the last deed, and subject to the covenants, payment, rent, &c., therein contained, recorded.

The defendants then proved the death of John D. Mahon, leaving a widow, Agnes M. Mahon; that the plaintiff keeps a clothing store on the premises above named; that rent had been demanded in the name of Mrs. Mahon, and refused on the ground that it had been demanded by and paid to Mr. Robb, who had indemnified the plaintiff, after notice from Mrs. Mahon not to pay to Robb.

The defendants then proved the execution of the landlord's warrant, under which the distress was made, and rested.

Plaintiff's counsel then offered record of Common Pleas, No. 293, June Term 1843, for the purpose of showing the succession of trustees, from those named in the marriage articles down to Mr. Robb, being the same record referred to in the ground-rent deed from Robb *et al.* to Eisner.

To which defendants' counsel objected as irrelevant. The court sustained the objection, and rejected the evidence.

. Plaintiff's counsel then renewed the foregoing offer, together with the Act of Assembly, approved the 13th March 1844, entitled "An act to authorize James B. Irwin, trustee of John D. Mahon and wife, to borrow money:" P. L. 1844, p. 98.

Also certain mortgages given in pursuance of said act, with the consent and approbation of Mahon and wife, given by J. B. Irwin as trust, to be followed by evidence that Robert Robb, the last trustee, at the request of Mahon and wife, had paid the mortgages and had not been reimbursed.

Defendants' counsel objected to the evidence as irrelevant. The court sustained the objection, and rejected the evidence.

The plaintiff's counsel thereupon renewed the two former offers in connection with the accounts of Robert Robb, trustee, approved by Mahon and wife, and filed and confirmed by the court from time to time during the lifetime of Mahon, the last of which

[Renziehausen *v.* Keyser *et al.*]

showed balance due Robb $11,841.28, and also the final account, filed since the death of Mahon, showing balance due Robb of $17,094.29 on the 31st December 1861, with proof that said last account was referred to James I. Kuhn, Esq., as auditor, and that the same is now pending before him, to be followed also by proof that the amount due to Robert Robb, trustee, is the amount stated in his last account as aforesaid, for the purpose of showing that Robb had the right to retain the property and collect the rents, and that Mrs. Mahon had no right to distrain.

Objected to by defendants' counsel: 1st, that the record does not show the facts alleged; 2d, that the offer is irrelevant.

It was admitted that the rent in controversy was paid by the plaintiff to Mr. Robb, after notice by Mrs. Mahon not to pay the same to him, and after notice of the death of J. D. Mahon, and that Robb agreed to indemnify the plaintiff, before the rent was paid.

There being no question of fact to be submitted to the jury, the court instructed them to find for the defendants.

The plaintiff thereupon sued out this writ, and assigned for error: 1. The admission in evidence of the ground-rent deed of May 4th 1854, and the other matters contained in the defendants' offer as above stated.

2. The rejection of the record of the Common Pleas showing the succession of trustees from those named in the original marriage articles down to Mr. Robb, and also of the renewal of their offer with the Act of Assembly authorizing James B. Irwin, trustee of Mahon and wife, to borrow money, with the mortgages given under the authority of the act, and the renewal of these offers, with the accounts of Robb, trustee of Mahon and wife, and the other matters contained in said renewal as above stated; and

3. The instruction to find for the defendant.

*William M. Shinn,* for plaintiff.

*A. H. Miller* and *Thomas Ewing,* for defendants.

The opinion of the court was delivered, January 2d 1865, by

READ, J.—The controversy in this case is narrowed down to a construction of the marriage articles of the 15th January 1833, between John D. Mahon of the first part, Agnes M. Rose (now Mahon) of the second part, and Benjamin Darlington and Abisha Way of the third part. John D. Mahon is dead, leaving his wife Agnes surviving him. By this deed, Mrs. Rose conveyed all her estate, real, personal, and mixed, to the parties of the third part, in trust, that they will take the same into their possession, care, and management, and apply the *personal estate* to the discharge

12 Wr.—23

[Renziehausen *v.* Keyser *et al.*]

of all the debts of the party of the second part, then due and owing; and also to the payment of all such debts as she may contract for household furniture and other necessaries required by her for her comfortable establishment after her marriage, and then from time to time to pay over to her, for the support of herself and husband, such sums as, may be necessary for their support and maintenance; and the residue of the *personal estate* to be so invested by them, according to their best discretion, as to be secure and productive, for the accomplishment of the purposes specified in said articles; and further to let upon lease for years or upon ground-rent for ever, all or any part of the real estate of the second party aforesaid, or to make improvements or buildings on the same with the written assent and approbation of the terms by the first and second party, and with their like assent and approbation to borrow money for the purpose of making such improvements, and to mortgage any portion of said real estate for the security of repayment of such loan or loans, and from time to time to pay over to the first and second parties, out of the rents or other income from the estate thus vested in the said third party, as may be deemed necessary by the first and second party for their own comforts and support, or for the maintenance, support, and education of her son, William J. Rose, as also for the support, maintenance, and education of such children as may be born to the first and second parties during their marriage, and then after other trusts, which have become immaterial, proceeds: "but if the second party should survive the first, then the third party shall forthwith deliver over, transfer, and reconvey to the second party all her estate, and the income remaining in their hands, and cause the same to be reinvested in her in perpetuity, as completely and fully as they may have and hold the same." The trustees are given power to employ and pay agents, and to retain a suitable compensation for their trouble and services, and the third party declare and agree with the first and second parties, to accept the estate and trusts thereby created, " and when the said trusts come to an end according to the limitation therein expressed, they will convey, release, and transfer the estate hereby vested in them, in the manner and to the persons and for the uses and purposes hereby designated."

From the foregoing statement it is clear that the trusts have come to an end, and that both the legal and equitable estate in the real estate, whether in the shape of land or ground-rents, is entirely revested in Mrs. Mahon, who was therefore entitled to receive the arrears of the ground-rent, and to take all legal measures to recover them: Barnett's Appeal, 10 Wright 392. As the lessee could not have any defence to this demand, it seems certain that the trustee who was bound to convey the

[Renziehausen *v.* Keyser *et al.*]

ground-rent by the covenant in the marriage articles to Mrs. Mahon, could not defend under him; for what he contracted to do, was considered by our law as actually done.

The court were therefore right in overruling the plaintiff's objection to evidence, and also in overruling the offer of evidence by the plaintiffs, for it is clear they could in no way have affected the result, and were irrelevant to the issue trying.

　　　　　　　　　　　　　　　　　　　Judgment affirmed.