Murphey et al., Appellants, *v*. C. I. T. Corporation.

Argued April 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER, and STEARNE, JJ.

*Frank Streeper, Jr.,* for appellants.

*Samuel Gorson,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, July 13, 1943:

George Flint and his wife, owners of certain real estate as tenants by entireties, executed a deed of the property to J. Oliver Murphey in trust "to permit the said grantors and/or the survivor of them, for and during the term of their natural lives to occupy, use, and enjoy the said premises, the said grantors however, to pay all taxes, water rents, interest on mortgages or other charges against the said premises and to keep and maintain the same in good order and repair, . . . so that neither the said premises nor the income derived therefrom shall at any time be subject to the control of, or liable for the debts and engagements of the said grantors, but the corpus of the said trust shall be held intact to protect the interests in remainder as hereinafter expressed"; upon the death of either of the grantors the survivor was to be permitted to occupy, use, enjoy or rent the premises for and during the term of the life of the survivor upon the same conditions and subject to the same restrictions as above described; upon the death of both of the grantors, the trustee was to convey the premises to their

daughters, Beatrice Flint Collin and Alice Flint Williams, with a contingent grant to grandchildren if the daughters or either of them did not survive the grantors; the grantors reserved the right at any time "to revoke this trust either in part or in its entirety, or from time to time to alter or amend the same in any manner that to them shall seem fit or proper, and this right shall extend to the survivor of the said grantors."

At the time of this conveyance C. I. T. Corporation was a judgment creditor of George Flint. Seven months after the deed was executed Mrs. Flint died. C. I. T. Corporation then brought a bill in equity to set aside the conveyance on the ground that it was in fraud of its rights and should be declared void in accordance with the Fraudulent Conveyance Act of 1921, P. L. 1045. This court held (*C. I. T. Corporation v. Flint*, 333 Pa. 350, 5 A. 2d 126) that the conveyance was valid, but that the *effect* of the deed, as distinguished from its legality, must be determined in other proceedings. Thereupon C. I. T. Corporation issued a writ of execution upon its judgment and the premises were exposed by the sheriff to public sale. Plaintiffs then brought this bill against C. I. T. Corporation to restrain it from proceeding further against the property and for a declaration freeing their title from the cloud cast upon it by defendant's judgment. The court dismissed the bill.

The deed of conveyance, having been held to be a valid instrument, must now be construed for the purpose of ascertaining what estate, if any, passed under it to Flint that can be reached by defendant as his judgment creditor.

As was pointed out in our previous opinion, the mere fact that the deed contained a spendthrift provision covering the life estates of the grantors and the survivor of them did not render the conveyance fraudulent as against their individual creditors. Now, however, the property having come into the sole ownership of the husband for and during the term of his life, the question

arises, in determining the legal effect of this provision of the deed, whether the spendthrift feature attached to the interest of the grantors is valid as against existing or future creditors of the survivor of them. Even though the creation of a spendthrift trust may not constitute a fraudulent conveyance, the spendthrift provision contained therein may be invalid: see Restatement, Trusts, section 156, comment a; 1 Scott on Trusts, section 156, p. 783. It is well settled that such a provision cannot be inserted for the benefit of the grantor himself; this is so even if he be solvent at the time of its creation. Here the husband and wife executed the deed as tenants by the entireties, conveyed a life interest to themselves also as tenants by the entireties, and attempted to engraft thereon a spendthrift clause for their own benefit. As this cannot be done, the spendthrift provision must be held ineffectual, and, accordingly, there is nothing to prevent the taking of Flint's life estate in execution under defendant's judgment.

Since property owned by tenants by the entireties is not subject to the debts of either spouse they may alien it without infringing upon the rights of their individual creditors; all claims of the latter, even though reduced to judgment, are subject to extinction in the event of the alienation of the estate by the joint act of the owners: *Beihl v. Martin*, 236 Pa. 519, 528, 84 A. 953, 956. Therefore, since Flint and his wife could have conveyed to their daughters the complete title to the property notwithstanding defendant's judgment, they could, of course, grant them a less estate, namely, the remainder after the life interests which were created by the deed. Nor was the estate given to the remaindermen testamentary in nature; the deed vested in them an immediate, beneficial interest, only the enjoyment and possession being postponed until the death of the grantors; in that connection it is not material that the grantors reserved to themselves the power of revocation or modification: Restatement, Trusts, §57 (1); *Dickerson's Appeal*, 115

Pa. 198, 210, 8 A. 64, 69; *Lines v. Lines,* 142 Pa. 149, 167, 21 A. 809, 810, 811; *Windolph v. Girard Trust Co.,* 245 Pa. 349, 367, 368, 91 A. 634, 639, 640; *Dolan's Estate,* 279 Pa. 582, 589, 124 A. 176, 178; *Beirne v. Continental-Equitable Title & Trust Co.,* 307 Pa. 570, 576, 161 A. 721, 722. If the right of revocation is not actually exercised the validity of the trust remains as unaffected as if the power had not been reserved: *Dickerson's Appeal,* supra, 210, A. 69; *Lines v. Lines,* supra, 167, A. 810. Although the estate in remainder is subject to the possibility of its being divested by a revocation, "the right to revoke, unexercised, is a dead thing": *Dolan's Estate,* supra, 589, A. 178. Nor can defendant force Flint to exercise the power. "Unless it is otherwise provided by statute a power of revocation reserved by the settlor cannot be reached by his creditors. If he revokes the trust and recovers the trust property, the creditors can reach the property; but they cannot compel him to revoke the trust for their benefit": Restatement, Trusts, §330, comment o.

The court below was of opinion that the trust provisions of the deed are passive and therefore executed by the statute of uses. We deem it unnecessary to discuss this question as it would determine merely whether the estates given by the deed to the respective grantees are legal or equitable, and that question is not of any consequence at this time. It may be noted, however, in passing, that at the time of Flint's death the legal title to the fee will pass to the remaindermen designated in the deed without a formal conveyance: *Renziehausen v. Keyser,* 48 Pa. 351; *Bacon's Appeal,* 57 Pa. 504; *Westcott v. Edmunds,* 68 Pa. 34; *Chamberlain v. Maynes,* 180 Pa. 39, 36 A. 410; *Sheaff's Estate,* 231 Pa. 251, 80 A. 361.

What we have here, then, is a deed under which (1) Flint has a life interest which is subject to seizure or attachment by defendant under its judgment, and (2) Flint's daughters or their children have an estate in remainder received by them, not as a testamentary gift,

but as a present grant, and which, therefore, although subject to being divested if the reserved power of revocation or modification is exercised, is property which cannot be made liable for Flint's debt.

The decree is reversed and the record remanded with direction to enter a decree limiting proceedings in execution by defendant to the life interest of Flint in the premises; the parties to bear their own costs respectively.