## Mecklem v. Bailey

*Baldwin & Baldwin*, for plaintiff.
*J. Frank Kelker, Jr.*, for defendant.

McCreary, P. J., March 29, 1950.—On January 27, 1950, plaintiff filed his bill seeking the relief hereinafter referred to. Defendant, Jennie Bailey, filed preliminary objections to the bill on February 7, 1950. The case was argued on the preliminary objections and subsequently briefs have been filed.

The averments of the bill are substantially as follows: On January 26, 1950, at June term, 1948, no. 293, in

the Court of Common Pleas of Beaver County, Pa., a verdict was rendered in favor of plaintiff and against Everett Woodrow Bailey, since reduced to judgment in the amount of $352.52, together with costs in the amount of $31.50, which judgment remains unpaid and unsatisfied. The bill further avers that by deed of Perry Alexander and wife, dated January 28, 1946, and recorded in the office of the Recorder of Deeds in and for Beaver County in Deed Book, vol. 541, page 238, defendant, together with her then husband, Everett Woodrow Bailey, became the owners as tenants by the entireties of a certain lot of land situate in the first ward of the Borough of Monaca, and that by deed dated October 26, 1946, and recorded in the recorder's office of Beaver County in Deed Book, vol. 556, page 252, Everett Woodrow Bailey and defendant, they being then husband and wife, did grant and convey the lot unto Jennie Bailey, defendant, to hold and possess the same as her sole and separate property. The bill further avers that at the time of the conveyance Everett Woodrow Bailey was indebted to plaintiff in the amount of $269.71, with interest. The bill further avers that Everett Woodrow Bailey, at the time of the conveyance of the property held by the entireties, was thereby made insolvent, as defined by the Act of May 21, 1921, P. L. 1045, the transfer having been made to defendant without a fair consideration, as required by the Uniform Fraudulent Conveyance Act of 1921.

The bill prayed that the conveyance by Everett Woodrow Bailey and Jennie Bailey to said Jennie Bailey, dated October 25, 1946, aforesaid, be declared to be void, as fraudulent against plaintiff, and that defendant, Jennie Bailey, be decreed to deliver up the deed to be canceled, as provided by the Uniform Fraudulent Conveyance Act.

Defendant, in her preliminary objections, set forth: (1) That a conveyance of property held by husband

and wife by the entireties to the wife alone is not a fraudulent conveyance under the Act of May 21, 1921, P. L. 1045, and (2) that plaintiff is barred by laches.

This identical question was raised by preliminary objections to a bill in equity filed by Sechler v. Byrne, (4 Beaver 176). After reciting the facts in that case, as we have recited the averments in the bill in the case we are now considering, the Hon. Frank E. Reader, then president judge of this court, filed an opinion sustaining the preliminary objections in language as follows:

"The preliminary objections to the bill are several in number, but raise in substance two general questions. The first ground raised by the preliminary objections is that the allegations of the bill do not present a basis for equitable relief. The second ground raised by the preliminary objections is that the plaintiff is guilty of laches in the assertion of his rights, if any.

"We consider first the question as to whether the bill presents grounds for equitable relief, in other words, whether it states a good cause of action. The allegation of the bill is that the wrong done to the plaintiff was in the conveyance of title from Patrick J. Bryne and Catherine C. Byrne as tenants by entireties to Catherine C. Bryne in severalty by the two deeds hereinbefore recited. As hereinbefore stated the property had belonged to Patrick J. Bryne and Catherine C. Byrne as tenants by entireties from the date of their acquisition of title on February 21, 1916. A judgment recovered against Patrick J. Byrne while the title was so held would not be a lien upon the land. It could not be executed against the land. It is well established by many decisions, and was conceded by counsel at the argument, that the tenants by entireties could convey the property notwithstanding the existence of a judgment against either of them and pass title free of the

judgment. So long as the title remained in said parties as tenants by entireties the property was not an asset of Patrick J. Byrne subject to be made liable for the payment of his debts, or subject to execution on any judgment against him. The transaction out of which the alleged liability arises, namely, the conveyance to Mrs. Byrne in severalty, took place prior to the enactment of the uniform fraudulent conveyance act of May 21, 1921, P. L. 1045 (39 P. S. 351, etc.). Even under the provisions of this statute the interest of Patrick J. Byrne in the property so held by him and his wife could not be regarded as one of his assets. This Act defines the term 'assets' as follows:

" 'In this act, "assets" of a debtor means property not exempt from liability for his debts; to the extent that any property is liable for any debts of the debtor, such property shall be included in his assets.'

"It seems to us, therefore, that the conveyance in question did not deprive the plaintiff of anything which he had a right to rely upon in the satisfaction of his judgment. The accident upon which the plaintiff's judgment is based took place on November 30, 1919. The conveyances sought to be set aside were consummated on May 11, 1920. The suit of the plaintiff against Patrick J. Byrne was instituted on February 19, 1921. It is argued by counsel for plaintiff that the mere statement of these facts justifies the inference of a fraudulent intent in the making of the conveyances referred to. No such inference however, would be justified if the conveyance did not have the effect of putting beyond the reach of the plaintiff a property which was an asset of Patrick J. Byrne liable for the payment of the judgment. It is true that nearly twenty-two years after the conveyance in question the death of Catherine C. Byrne, on March 17, 1942, created a situation in

which Patrick J. Byrne would have come to the ownership of the property by survivorship had the estate by entireties not been previously extinguished. The survivorship of Patrick J. Byrne was, in May 1920, a wholly problematical occurrence. The subsequent survivorship could not invest Patrick J. Byrne with any separate estate in the property in May 1920.

"A somewhat similar situation is found in the case of *Page v. Corn Exchange National Bank & Trust Company, Trustee,* 314 Pa. 411. In this case one John H. Irvin and Mae Rust Irvin, husband and wife, took title as tenants by entireties to certain property in the city of Philadelphia. This title was acquired on April 14, 1915. In 1922 they separated and in 1923 an order was made by the Municipal Court of Philadelphia directing John H. Irvin to pay $100.00 a week for the support of Mae Rust Irvin and her two children. Mr. Irvin defaulted in his payments, and on March 4, 1924, a settlement was effected between him and Mrs. Irvin by which he conveyed the property in question to her in severalty, upon her satisfying the arrearages under the order then amounting to $5471.40, and releasing any claim to future payments under the order. Later John H. Irvin and Mae Rust Irvin were divorced and she remarried. After her remarriage she and her second husband conveyed the premises to another and she invested a large part of the proceeds of the sale in a trust fund for her benefit and that of her two children. In the meantime John H. Irvin had become indebted to various persons prior to the conveyance of the property to his wife. These persons brought suit and eventually recovered judgment. Upon the death of Mae Rust Irvin, on August 5, 1930, one of these creditors, Louis E. Page, filed his bill averring that the conveyance of the property to Mrs. Irvin in 1924, as hereinbefore stated, was in fraud of the creditors of John H. Irvin. Other creditors joined with Page in the equity proceed-

ing. While it is true that the facts in this case show a valuable consideration for the conveyance to Mrs. Irvin in severalty, the principle laid down in the case seems to us sufficiently broad to cover the present case, even though the conveyance was without consideration. The Page case was decided in the Court of Common Pleas of Philadelphia County upon the basis of an opinion by Judge Lamberton. The judgment of that court was affirmed by the Supreme Court upon the opinion of Judge Lamberton. In this opinion he stated the governing principle as follows (p 415) :

" 'A further vital defect in the case of complainants is that title to the property in question was not held in the name of John H. Irvin, but in the name of John H. Irvin and Mae Rust Irvin, as tenants by entireties. Complainants, therefore, could not have subjected said property to the liens of any judgment obtained by them, nor could they have prevented its transfer by Mr. and Mrs. Irvin to an outside purchaser. They, therefore, could not in any event be defrauded by the conveyance of title to Mrs. Irvin.'

"We find no later case in the appellate courts passing upon this question.

"In the case of *Bartosh et al. v. Blosko et al.*, 41 Lack. Jur. 201, the Page case is cited and the principle above stated adhered to, though the facts in the case are different from those in the Page case.

"For the reasons hereinbefore stated, and upon the authority of the Page case, we are satisfied that the conveyance of the property in question to Mrs. Byrne in severalty cannot be regarded as a fraud upon the plaintiff, Samuel Sechler."

In the brief filed by defendant's counsel in the case we are now considering, reference was made to the case of Page et al. v. Corn Exchange National Bank & Trust Company, 314 Pa. 411, cited by Judge Reader in his opinion. The law of this case has never been overruled

nor modified in any appellate court decision in Pennsylvania. As a matter of fact two later cases decided by the Supreme Court of Pennsylvania affirm the doctrine of that case, without citing it. We refer to C. I. T. Corporation v. Flint et al., 333 Pa. 350, and Murphey et al. v. C. I. T. Corporation, 347 Pa. 591. The case of C. I. T. Corporation v. Flint, supra, is reported in 121 A. L. R. 1022, and an annotation on the subject, citing the Pennsylvania law on the subject of the right of creditors of one spouse, either before or after death of the other spouse to attack a conveyance of an estate by the entireties by both spouses as in fraud of creditors is set forth at page 1028. In that annotation, not only is the law of Pennsylvania set forth but also the law on the subject in other jurisdictions. Nothing could be gained by setting forth the cases cited in that annotation in this opinion, but reference is made thereto as a part hereof. Reference is also made to the annotation on the subject of "interest of spouse in estate by entireties as subject to satisfaction of his or her individual debt", beginning at page 969 of 166 A. L. R. Commencing at page 992 of that annotation the Pennsylvania rule is set forth exhaustively.

In view of our disposition of this case on the first preliminary objection filed by defendant, we are not required to pass upon the question as to the validity of the second objection filed by defendant, namely, that plaintiff is guilty of laches.

Normally, we would give plaintiff an opportunity to amend his bill, upon our sustaining the preliminary objections thereto, but the allegations of the bill are such that plaintiff could not, under any circumstances, cure any defects in the bill by amendment. We have therefore concluded that we must dismiss the bill at the cost of plaintiff.

We, therefore, make the following

## Order

Now, March 29, 1950, the above matter having come before the court on preliminary objections filed by defendant, the first preliminary objection is sustained, and it is ordered that the bill be dismissed at the cost of plaintiff.