## Bricker v. Bricker

418

*Arnold, Bricker, Beyer & Barnes* and *Robert Ruppin*, for plaintiff.

*Marshall M. Cohen* and *Sam Ferguson Musser, for* defendants.

BROWN, J., July 21, 1967.—Before the court in this matter is a petition of the Conestoga National Bank of Lancaster, Trustee (bank trustee) of a trust for the use of Walton B. Bricker (Walton) and Marion M. Bricker (Marion) under the will of Katharine B. Bricker, to open a decree entered by the court on April 30, 1965, pursuant to a stipulation. The decree directs the bank trustee to pay $30 each week beginning forthwith from the income of trust funds in its hands to the domestic relations division of the Court of Quarter Sessions of the Peace of the County of Lancaster, Pa., for the support of the three minor children of the said Walton, being the amount which he was ordered to pay by the said court of quarter sessions on April 4, 1962, and towards any arrearages on the said support order. The petition states that this equity action originally was brought to prevent Walton from assigning his interest in the income of said trust because of the support order above referred to and requesting that same be seized or attached to pay the support order. It is further averred that a preliminary injunction was issued on December 20, 1963, enjoining such assignment, which injunction was continued until final hearing which was never held. Thereafter on April 15, 1965, the above stipulation was entered.

The petition to open the decree further avers that no notice was ever given to the bank trustee of the filing of the stipulation above referred to, and that at the time said order was entered by stipulation certain attachments had been previously served on the bank trustee with respect to the interests of Walton in the said trust. These attachments are as follows:

(a) Attachment to January term, 1962 (prothonotary's docket indicates this is 1963) execution no. 21, January term, 1963, on judgment to no. 3337 of 1962, being Commonwealth of Pennsylvania v. Walton B. Bricker, defendant, The Conestoga National Bank of Lancaster, Pa., trustee, garnishee, which was an attachment to enforce an order of support in the amount of $930 and was served on the bank trustee on November 17, 1962;

(b) Attachment execution John F. Kelley's Administratrix v. Walton Bricker, Patricia Gebhard and Robert J. Gebhard, defendants, and the Conestoga National Bank of Lancaster, Pa., garnishee, execution no. 17, May term, 1965, judgment no. 12, August term, 1962, which attachment was served April 14, 1965. The amount of this attachment appears from the record to be $2,500, with interest from September 18, 1964. On stipulation of counsel it was agreed that the above judgment entered by praecipe against the Conestoga National Bank of Lancaster as garnishee on November 26, 1965, be stricken, and, in lieu thereof, judgment be entered on the praecipe filed on June 22, 1967, nunc pro tunc as of November 26, 1965.

(c) The aforesaid stipulated decree of April 30, 1965, wherein the court ordered and directed $30 a week to be paid for the support of Walton's children;

(d) Attachment execution Adele R. Kelley, surviving spouse and administratrix of Estate of John F. Kelley v. Walton Bricker and the Conestoga National Bank of Lancaster, garnishee, execution no. 28, Janu-

ary term, 1967, judgment no. 101, May term, 1966. The amount of this attachment appears from the notes of testimony to be $288.81 and was served on the bank trustee on December 5, 1966.

(e) There was also in force at this time an assignment by Walton of his interest in the trust estate of Katharine B. Bricker to the bank to secure a note of $4,000 which was dated and delivered to the bank on July 6, 1961.

The petition further avers that the officers of bank trustee were not advised of the absolute nature of the decree hereinabove referred to and believed that it was in the nature of an attachment which was subsequent in time and subordinate in effect to the assignment hereinabove mentioned and to the prior attachments and that the bank applied Walton's income in the trust to the payment of the note of $4,000 until the same was paid on May 17, 1966. There is also reference in the petition to a spendthrift trust created by Walton not here relevant.

The petition then avers that Walton has now made demand on the trustee that it apply the income of the trust to his support order so that he need not use his own funds to comply with the support order, and that under these circumstances the trustee feels it should not make payment to any person without a determination by the court of the priorities involved in this situation. The petition then finally avers that the entry of the decree of the court in this matter was made without the court's having been properly informed of the prior attachments and the circumstances of the assignment to the bank, and prays the court to open said order and to determine the relative priorities among the said attachments and the order (decree) in this equity action, and to modify its order accordingly.

As a result of this petition and responsive answers by the parties involved, the court took testimony to determine the propriety of opening the decree of April 30, 1965, and, if so decided, the subsequent determination of the relative priorities hereinabove referred to.

Before entering into a further disposition of this matter, the court holds that the petition for allowance of counsel fees to be paid by the bank trustee from Walton's interest in the income of the Katharine B. Bricker trust estate, filed at the time of the hearing by Marshall M. Cohen, Esq., attorney for Walton, will be dismissed because the court has no jurisdiction whatever to make an order of this kind. The jurisdiction over the trust fund and payments out of it is vested in the orphans' court and the jurisdiction in equity in this case arises solely from the special statute allowing it to enforce support orders and, of course, to enforce payment of proper attachments in the absence of a spendthrift trust which was not created by testatrix.

At the hearing held in this matter as well as in the brief of counsel for Walton, contention is made that the interest of Walton under the will of Katharine B. Bricker cannot be reached by attaching creditors because the trust created for the benefit of Walton and Marion creates a tenancy by the entireties and that, therefore, Walton's share cannot be attached by judgment creditors until the fund is actually in his hands by payment to him by the bank trustee and not while in the hands of bank trustee. This position might have some merit were it not for the express language of the will, offered in evidence as C. P. #4, which states as follows:

". . . b. I direct my said Trustees to pay the balance of said Net Income monthly, *in equal shares*, (Emphasis supplied by the court) to my said adopted son and his said wife, should both of them survive me, and,

on the death of the first of them to die, should issue of theirs then be living to convey, transfer, pay over and deliver, and I give, devise and bequeath, one-half (½) of the Principal of the Trust Fund hereby created to their issue, *per stirpes*, who shall then be living; and thereafter, or after my death should but one (1) of them survive me, to pay the balance of said Net Income monthly to the survivor of them. . . ." Article Third, par. B. II. subpar. (b) of said will probated on April 12, 1961, together with codicil dated May 12, 1960, in the Register of Wills Office in and for Lancaster County, Pa., in will book L, vol. 4, p. 107.

The court, therefore, feels that by reason of this language no tenancy by the entireties is created and the interest of Walton in the income of the trust can be reached while in the hands of the bank trustee. Accordingly, C. I. T. Corporation v. Flint, 333 Pa. 350 (1939), and Murphey v. C. I. T. Corporation, 347 Pa. 591 (1943), cited in Walton's brief, are not apposite to this case, because these cases pertain to a tenancy by the entireties not here present because Walton's share is payable not to him and his wife but to him in a monthly equal share and to his wife in a monthly equal share as hereinabove stated.

As to the assignment dated July 6, 1961, from Walton to bank trustee, hereinabove referred to under subparagraph (e) in list of attachments and assignments, it appears from the notes of testimony that this note was not questioned by Walton or Marion, nor was there any serious contention on the part of the attaching creditors that the payment of this note from the income of Walton would be questioned, although there was some testimony about the inconsistent position of the bank as a lender and as the garnishee in the attachment proceedings. In any event, this note was fully paid and discharged on May 17, 1966, and the balance

of Walton's income then in the bank trustee's hands together with what had accrued at the time of the hearing on April 4, 1967, was $1,177.38.

Finally, while the testimony of Elizabeth Rambo, then the chief domestic relations officer of the County of Lancaster, indicates there is now a present arrearage of Walton in the support order for his three children in the sum of $2,665, the court fixes this figure at $2,555 based on the record submitted to it by Arthur O. Groome, present chief domestic relations officer. While there was no attachment execution issued for this arrearage, the court will recognize this indebtedness by virtue of the stipulated decree of April 30, 1965, which it will now open, and direct that this sum, together with any additional arrearage, if any, which accrued since the hearing of April 4, 1967, be paid along with the sum of $10 a week which is the present order because of the fact that two of the three children of Walton are now emancipated.

The court finds that the attachment executions hereinabove recited are valid and that income from Walton's share in the trust of Katharine B. Bricker was properly attached, as well as finding that the liquidation of the $4,000 note to the Conestoga National Bank of Lancaster, Pa., was proper, and the arrearages in support owed by Walton have been properly established.

### ORDER

And now, to wit, July 21, 1967, in accordance with the petition of bank trustee to open the decree of April 30, 1965, the court opens said decree and fixes the relative priorities among the attaching creditors of Walton and arrearage in the support order of Walton as follows:

1. $930, with interest from November 17, 1962, (attachment of Commonwealth of Pennsylvania v.

Walton B. Bricker, defendant. The Conestoga National Bank of Lancaster, Pa., trustee, garnishee, execution no. 21, January term, 1963, judgment no. 3337 of 1962), served on the bank trustee on November 17, 1962;

2. $2,500, with interest from September 18, 1964 (attachment execution John F. Kelley's Administratrix v. Walton Bricker, Patricia Gebhard and Robert J. Gebhard, defendants, and the Conestoga National Bank of Lancaster, Pa., garnishee execution no. 17, May term, 1965, judgment no. 12, August term, 1962), served on April 14, 1965;

3. $2,555, with interest from June 5, 1967 (arrearage due on support order of Walton Bricker for the support of his three children. This order is presently in the sum of $10 a week which will continue at the said rate of $10 after the arrearage is paid until termination of the order, subject to the prior payment of $288.81 with interest as provided in paragraph 4 of this order) ;

4. $288.81, with interest from December 5, 1966 (attachment execution Adele R. Kelley, surviving spouse and administratrix of Estate of John F. Kelley v. Walton Bricker and the Conestoga National Bank of Lancaster, execution no. 28 , January term, 1967, judgment no. 101, May term, 1966), served on bank trustee on December 5, 1966.

It is ordered, adjudged and decreed that the Conestoga National Bank of Lancaster, Pa., trustee under the will of Katharine B. Bricker, deceased, upon proper demand upon it by the respective parties and when funds are available from the income of the Katharine B. Bricker Trust for the benefit of Walton B. Bricker, shall pay from said funds the respective amounts found to be due herein to the parties entitled thereto in the order set forth in this opinion.