## Reese's Estate.

Argued January 21, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Milford M. Tinsley,* with him *James M. Love,* for appellant.

*Charles Hunsicker, Jr.,* and *F. Kenneth Moore,* for appellees, were not heard.

PER CURIAM, March 25, 1935:

This is an appeal by the executor of the will of Sallie Reese, deceased, from a decree of distribution following

the adjudication of his account in said estate. The decree distributes nothing except that which he admits he has in his hands and he has no personal interest under the will; hence he has no standing to appeal: Hand's Est., 288 Pa. 569, 570, and cases cited therein.

Moreover, on the admitted facts and the law applicable thereto, the decree was clearly right. On March 18, 1931, testatrix delivered to the Norristown-Penn Trust Company, the sum of $9,000, in trust to invest it in first mortgages, to keep it invested, to pay the net income semiannually to the settlor for life, and upon her decease to disburse a portion of the principal to and among certain named persons in specified amounts; to hold on a perpetual trust $500 thereof, the net income thereof to be used to keep in repair the family burial lot, and to pay the balance of the income from the $500 investment for the care of the entire cemetery; and to hold on a perpetual trust the balance of said trust fund, including lapsed bequests or legacies, and to pay the net income derived therefrom to the trustees of a specified church, "for the use of said church." The trust agreement further provides, in paragraph 6, that "It is mutually agreed that the [settlor] may alter, amend or revoke this agreement or withdraw from the principal fund from time to time, by giving sixty days' prior notice in writing to said trustee." It is clear beyond peradventure that the trust is an active one, in which the ultimate distributees have an immediate interest, and is irrevocable, on the part of the settlor, except as specified in the agreement itself: Dickerson's App., 115 Pa. 198; Wilson v. Anderson, 186 Pa. 531; Potter v. Fidelity Ins. Trust and Safe Deposit Co., 199 Pa. 360; Kraft v. Neuffer, 202 Pa. 558; Windolph v. Girard Trust Co., 245 Pa. 349; Dolan's Est., 279 Pa. 582; Beirne v. Continental-Equitable Title and Trust Co., 307 Pa. 570.

This conclusion is a complete answer to the whole of appellant's contention, including that hereinafter stated. On December 1, 1931, the settlor notified the trustee in

writing that she desired "to change the terms of said voluntary trust agreement" in certain specified particulars. In this same writing she also said, however: "This notice is given in accordance with the terms of paragraph 6 of the said trust agreement and shall only be effective in the event that the said notice has been given to the Norristown-Penn Trust Company at least sixty days preceding the date of my decease, otherwise to remain in full force and effect." The settlor died January 27, 1932; hence the above inchoate revocation, which was given less than "sixty days preceding the date of [the settlor's] decease," was, by its own terms, as well as by the terms of the agreement, ineffective, and the original trust agreement remained in full force and effect.

Upon his mistaken theory that the trust agreement was testamentary in character, appellant further claims that the settlor's later will disposed of her entire estate. This also is an error, since, as we have decided, the agreement was not testamentary in character. Moreover, the will which was likewise executed December 1, 1931, also provides: "It is the express intention of the testatrix that the legacies and bequests enumerated in item III of this will, shall be void in the event that a voluntary trust agreement dated the 18th day of March, 1931, between me [testatrix], and the Norristown-Penn Trust Company, of Norristown, Pennsylvania, shall not be revoked at the time of my decease, as the above bequests have likewise been provided for therein." As already shown, the agreement was not revoked at the time of her death, and hence the securities in the trust did not pass under the will.

We see nothing in the record to cause us to reverse the action of the court below in its allowance of counsel fees.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.