## Lau's Estate

*Spencer D. Wareheim*, for petitioner.
*John A. Hoober*, contra.

SHERWOOD, J., July 8, 1936.—On November 25, 1935, Lenore Gladfelter, executrix of Noah Lau, deceased, and one of the beneficiaries in a certain trust agreement here-

inafter referred to, petitioned the court for a decree directing the Western National Bank, of York, Pa., to pay to her as executrix of Noah Lau, deceased, all the moneys now in its possession with any accumulations which the said bank holds arising under said trust agreement. On the same date a rule was granted on the Western National Bank to show cause why the prayer of the petitioner should not be granted. To this rule an answer was filed by the Western National Bank, trustee, admitting the facts set forth in said petition and averring that said facts are not sufficient in law to revoke said trust, and praying the court to discharge the rule granted on said petition. It is in effect a demurrer. Originally the petition related to two separate trust agreements executed by the decedent, Noah Lau, and the Western National Bank, the one dated December 7, 1926, and the other February 5, 1927. At the argument, the parties agreed that the court's decision should be confined entirely to the trust agreement executed between the parties dated December 7, 1926.

The undisputed facts are as follows: The Register of Wills of York County, Pa., on July 6, 1935, granted letters testamentary on the will of Noah Lau, deceased, to Lenore Gladfelter, who qualified as such executrix; Noah Lau died testate on June 11, 1935, and his will, duly probated in York County, contains the following provision pertinent to the pending litigation, set forth in item fourth:

"I hereby decree it to be my specific intent by this will to revoke any voluntary trust which I have heretofore made, whether the same is created by deposited cash, or whether the said trust is a life insurance trust, and more particularly any such trust at the Western National Bank, York, Pennsylvania, and in regard to the insurance policies which are deposited with the said Western National Bank for the purpose of creating an insurance trust, and wherein the Western National Bank is named as beneficiary, I hereby revoke the appointment of the

Western National Bank as beneficiary, and name my executors as beneficiaries in said policies."

Prior to his death, Noah Lau entered into an agreement with the Western National Bank, of York, Pa., to wit, on December 7, 1926, which agreement is called "life insurance trust agreement"; the provisions of said life insurance trust agreement relating to the revocation thereof, so far as pertinent to this litigation, are as follows:

"This agreement may be changed, altered, or modified at any time by mutual consent of the parties and said first party further reserves to himself the right at any time during his lifetime to terminate this agreement upon giving to second party a written notice of such termination and upon such termination the second party shall deliver to the first party any and all policies held hereunder and shall make, execute and deliver to first party any and all instruments in writing necessary to release to first party any rights of second party in such policies."

Noah Lau, during his lifetime, did not terminate said trust agreement by giving to said Western National Bank a written notice of said termination as provided in the instrument, except for the provision contained in the will of said Noah Lau hereinbefore referred to; in and by said trust agreement the settlor gave the trustee absolute control of the trust estate, to handle, manage, sell, invest and reinvest in such manner and form as the bank should deem wise, except that investments must be made as trust investments; the said bank has in its possession the proceeds of said life insurance policies referred to in said trust agreement. The proceeds of said life insurance policies were to be invested and the income paid to each of testator's three children (one of whom was the petitioner) for life, and upon the decease of any of the children the principal thereof was to be paid to the lawful issue of such child.

The legal principles applicable are as follows: A reserved right of revocation in a deed of trust is not inconsistent with the creation of the trust. If the right is not exercised during the lifetime of. the donor according to the terms reserved, the validity of the trust remains unaffected, as though there had never been a reserved right of revocation. The grantee takes the estate with the possibility of its being divested by the exercise of the power of revocation. A power of revocation is analogous to a power of appointment, which, under the common law, is not property and can be exercised only by the principals in whom it resides. The right of revocation possesses none of the attributes of property: Dolan's Estate, 279 Pa. 582.

A trust is active if the trustee has power to retain or change the assets conveyed and has the duty of collecting the income and of paying the net amount thereof, and later the principal, to designated distributees. The fact that a settlor reserves a right to revoke or alter the trust, and that he retains a life estate in the income of the assets conveyed, does not alter the legal conclusion that the trust is an active one. Such a trust is not testamentary: Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570. The settlor of a fund held upon an active trust may not revoke or alter the terms of the trust, except to the extent and in the way specified in the settlement, and this is so although the settlor has the entire beneficial interest in the fund so long as he shall live: Reese's Estate, 317 Pa. 473.

Applying the above legal principles to the facts in the case, it is seen that the trustee had power to retain and change the assets, had the duty of collecting income and of paying the net amount thereof, and later the principal, to designated distributees, and that the power to revoke was not exercised by the settlor in the way and manner prescribed by the trust agreement, to wit, by a written notice to the bank during the lifetime of the settlor. It is also clear beyond peradventure that the trust is an active one, in which the ultimate distributees have an immediate

interest, and is irrevocable, on the part of the settlor, except as provided in the agreement itself.

The settlor's attempted revocation by will not being in accordance with the terms of revocation prescribed by the instrument, the will was not effective to work a revocation of the trust agreement. The rule granted on November 25, 1935, must be discharged.

And now, to wit, July 8, 1936, it is ordered, adjudged and decreed that the rule granted on November 25, 1935, to show cause why the Western National Bank should not be directed to pay to Lenore Gladfelter, executrix of Noah Lau, deceased, all of the moneys now in its possession, with any accumulations arising out of said life insurance trust agreement, dated December 7, 1926, is discharged.