## Del Conte v. Luca et al.

*Francis J. O'Boyle*, for plaintiff.

*I. Raymond Kremer* and *Drinker, Biddle & Reath*, for defendants.

CRUMLISH, J., July 19, 1954.—This is before us on preliminary objections of defendant Luca.

Plaintiff in his complaint in equity against Nicholas Luca and Philadelphia Saving Fund Society says that he is the surviving spouse of Frances V. Del Conte, who died January 7, 1954, leaving a will wherein and whereby she bequeathed to him the sum of

$1,500 and after giving other legacies of lesser sums to relatives, she gave the residue to her sister, Josephine Luca; that he has elected to take against the will; that at the time of his wife's death she had an account with defendant, Philadelphia Saving Fund Society, in the name of "Frances Venuto [her former name], in trust for Nicholas Luca [brother of age]" in the sum of $3,234.64; that he considers the savings fund account to be the property of his wife's estate and has requested the executor to collect the fund and account for it; that the executor, failed and has refused so to do; that on February 25, 1954, the balance of said account was transferred on the books of the saving fund society to Luca, solely; that he believes Luca is about to dissipate the fund; that he contemplates an appeal from the probate of the will of his late wife and if sustained he may be entitled to the entire savings account fund; and finally he avers that "under the Estates Act of April 24, 1947, P. L. 100, sec. 11, 20 PS §301.11,[1] the funds deposited in the account of his wife, under the name of Frances Venuto, in trust for Nicholas Luca, are part of her estate, insofar as his rights as surviving husband are concerned because the decedent retained a power of consumption and revocation over said funds."

He prays for discovery; that defendants be restrained from dissipating the funds in such savings

---

[1] "A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor": Act of April 24, 1947, P. L. 100, sec. 11.

fund account; that defendants account for all funds in the name of Frances V. Del Conte, or Frances Venuto, and that defendants be ordered to pay into court all funds on deposit at the time of the death of Frances V. Del Conte to await determination of plaintiff's interest in the fund.

The Philadelphia Saving Fund Society, defendant, has filed an answer averring that it had an account in the name of Frances Venuto in trust for Nicholas Luca and that the balance thereof on or about January 7, 1954, amounted to $3,234.64; that this account was closed on February 23, 1954, at which time the balance amounted to $3,309.39; that on that date this sum was redeposited in another savings account in the name of Nicholas Luca, and that the balance in that account at the time of filing of the answer (May 14, 1954) was $65.75. It denies knowledge of other material facts alleged in the complaint and asks leave to pay the balance in its hands into court to await the decision as to the rights of the parties, etc.

Defendant Nicholas Luca filed preliminary objections contending: (1) That the complaint disclosed no cause of action against him and is insufficient to warrant the granting of the prayer for equitable relief, and (2) plaintiff has an adequate remedy at law.

This record presents a novel situation. Plaintiff seeks to invoke the jurisdiction of a court of equity on the theory that having filed an election to take against the will and contemplating an appeal from the probate thereof, his rights in the estate of his late wife should be protected during the litigation. Herein he is mainly concerned with the fund deposited by her in the Philadelphia Saving Fund Society. From the record it appears that she deposited her own money in her former name "Frances Venuto in trust for Nicholas

Luca [brother of age]". Under our decisions this was a tentative trust, subject to revocation. There is no averment by plaintiff of any act of revocation by Frances Venuto prior to her demise; and in the absence of some positive evidence of revocation in one of the following four ways: (1) A transfer of the sum of the deposit; (2) by the terms of a will of a depositor; (3) by the depositor's unequivocal act or declaration or disaffirmance; (4) by facts and circumstances resulting in inadequacy of the estate assets to satisfy the testamentary gifts, funeral, and administration expenses, taxes and other charges (Scanlon's Estate, 313 Pa. 424 (1933) ; Rodgers Estate, 374 Pa. 246 (1953) ; Black Estate, 73 D. & C. 86 (1950), opinion by van Roden, P. J.; *A. L. I. Restatement of The Law of Trusts* §58), the presumption arises that an absolute trust was created as to the balance on hand at her death.

Plaintiff's wife died on or about January 7, 1954, and at that time the balance in the savings fund account amounted to $3,234.64. The account was closed February 23, 1954, at which time the balance amounted to $3,309.39, which balance was redeposited in a savings account in the name of Nicholas Luca. At the time of the institution of this action, April 15, 1954, the balance in the account amounted to $65.75. On January 25, 1954, plaintiff notified the executor of his wife's estate that he considered the savings account "as part of the estate of the decedent, insofar as the rights of Eugene Del Conte as surviving spouse were concerned, and requested the executor to collect them and hold them for the estate."

Nowhere does it appear of record that notice of plaintiff's claim was given to defendant, the Philadelphia Saving Fund Society, as required by the Banking Code of May 15, 1933, P. L. 624, sec. 905,

7 PS §819-905A.[2] Is it now too late for plaintiff to complain about the Philadelphia Saving Fund Society's action in turning the balance of the account over to Luca? We think it is.

The Banking Code, supra, sec. 904, specifically provides as follows:

"Whenever a deposit shall be made in an institution by any person describing himself, in making such deposit, as trustee for another, and no other notice of the existence and terms of a valid trust than such description shall have been given in writing to the institution, such deposit, or any part thereof, together with interest thereon, may, upon satisfactory proof of the death of the person so described as trustee, be paid to the person for whose benefit the deposit was thus stated to be made, upon his proper check, order, or receipt, as the case may be."

Failure of plaintiff or executor to give prompt notice of plaintiff's claim to the fund to the depository prior to its paying the balance of the account to Luca is fatal and relieves the depository of all liability to plaintiff. We conclude, therefore, that there is no reason for the Philadelphia Saving Fund Society to pay into court any part of the funds now on deposit

---

[2] "A. Notice to an institution of an adverse claim to a deposit standing on its books to the credit of any corporation or person shall not be effectual to cause such institution to recognize such adverse claimant, unless such adverse claimant shall also procure either an attachment or a proper restraining order against the institution from a court of competent jurisdiction, in a cause of action therein instituted by him, wherein the corporation or person to whose credit the deposit stands, or his executor or administrator, is made a party in the manner provided by law, or unless he shall execute to the institution, in form and with sureties acceptable to it, a bond indemnifying the institution from any liability, loss, damage, costs, and expenses on account of the payment of such adverse claim or the dishonor of the check or other order of the corporation or person to whose credit the deposit stands on the books of the institution."

in the name of Nicholas Luca. So far as the society is concerned, the case is moot.

For like reason, defendant Luca cannot now be said to be subject to an action in equity by plaintiff on his claim to the fund. Luca, under claim of right, without any fraud or misrepresentation, and without any notice of plaintiff's claim or of any revocation of the tentative trust, proceeded to exercise what presumptively was his lawful right by having the funds transferred to another account in his own name.

In his complaint, after alleging that Luca is about to dissipate the fund represented by the society's account, plaintiff avers in paragraph 12 that he contemplates filing an appeal from his wife's will and that if said appeal is sustained "he might be entitled to the entire fund deposited in said account *as his intestate share*." [Italics supplied.]

In considering this averment it may be observed that the will was probated January 19, 1954, and this action was commenced April 15, 1954. Despite the length of time which passed between the probate of the will and the date of commencing this action, and assuming that plaintiff means what he says, i.e., that he will file an appeal, we find nothing in this averment which would entitle him to the equitable protection which he seeks. On the other hand, if an appeal is filed, it will bring the parties and the subject matter before the orphans' court. The latter court will then have authority to ascertain the extent of plaintiff's interest and all matters arising in the distribution of decedent's assets.

In paragraph 14 plaintiff avers that under the Estates Act of April 24, 1947, supra, the funds in the tentative trust account are a part of his wife's estate "insofar as his rights as surviving spouse are

concerned because the decedent retained a power of consumption and revocation under said funds". There is no averment as to the date of the creation of the tentative trust. This omission renders ineffectual plaintiff's request for equitable relief on this ground. The Estates Act of 1947, supra, became effective on January 1, 1948. It is not retroactive in its effects on tentative trusts. Consequently, if plaintiff's late wife deposited the funds here claimed prior to the effective date of the foregoing act, plaintiff would be without rightful claim: McKean Estate, 366 Pa. 192, 195 (1951). This, too, the orphans' court can readily decide.

No useful purpose will be served by permitting an amendment which would bring the tentative trust within the operation of the Estates Act of 1947, supra, because a claim of this nature should be made by the executor of the estate since plaintiff does not claim that the corpus of the trust is his money and as such belongs to him. Under the Estates Act of 1947, supra, if applicable here, the balance of the tentative trust fund would become a part of the assets of the estate and subject to all the claims and debts of decedent. Non constat that there would be anything left for plaintiff or any of the other parties with interest in the estate. Plaintiff seeks to meet this objection on the theory that his election to take against the will will place him in the position of a creditor against the Philadelphia Saving Fund Society or Luca or both of them. This position is untenable. When plaintiff elected to take against the will he became entitled to a certain share of the estate and it is against the estate he must make his claim. Plaintiff's claim rests no higher than the other legatees who take the balance of the estate. It has never been held that a surviving spouse exercising the right to take against

the will is in a position superior to creditors of the estate.

The cases cited by plaintiff to sustain the jurisdiction of equity are easily distinguishable. In the case of Kreinson v. Commercial National Bank et al., 323 Pa. 332 (1936), the question arose on the liquidation of a partnership accounting—a case where equity clearly had jurisdiction. In the case of Philadelphia v. Heinel Motors, Inc., et al., 142 Pa. Superior Ct. 493 (1940), defendant as vendor had collected sales tax funds which it failed to turn over to the City of Philadelphia as was its duty under the act of assembly and ordinance of council and the court held equity had jurisdiction on the theory of constructive trust relationship. In Black Estate, 73 D. & C. 86 (1950), the funds represented by the tentative trusts were collected by the executor and accounted for in court, where the right of the widow, who had elected to take against the will, was allowed as against the funds. There the money in question was clearly in the orphans' court. The case of Vederman Estate, 78 D. & C. 207 (1951), involved an accounting by trustees in the orphans' court. Longacre v. Hornblower & Weeks, 83 D. & C. 259 (1953), involved the case of husband and wife who had an account with a firm of brokers and after husband's death a dispute arose between the husband's executor and widow. An action was brought by the executor and the brokerage firm interpleaded the parties and paid the money into court. Of course the court had jurisdiction there.

Accordingly, the preliminary objections filed by defendant Luca are sustained, and the complaint in equity is dismissed as to both defendants for want of jurisdiction.