## Dolfinger Trust

*Albert C. Weymann, Jr.,* of *Duane, Morris & Heckscher,* for accountant.

*Joseph W. Marshall, Jr.,* of *Duane, Morris & Heckscher,* for claimants under will of Caroline D. McMahon.

*Phillips, Farran & McKeag,* for claimant William Flett.

SHOYER, J.; May 28, 1957.—This trust arises under deed dated April 5, 1928, a copy of which is attached hereto, of Henry Dolfinger, whereby he directed his trustee to hold the principal in trust for and during the life of his "granddaughter, Mary Flett, wife of William Flett," in trust after her decease to pay and distribute the income unto such child or children as may survive his granddaughter, Mary Flett, until the youngest thereof shall arrive at the age of 21 years, and then to pay and distribute the principal of the said trust estate to and among the persons then re-

ceiving, or entitled to receive, the income therefrom, in equal shares, share and share alike.

This account is filed because of the death of Mary Flett (more commonly known as Mary M. McMahon), on August 5, 1956. She died without issue. By her will she gave her entire estate to her mother, Caroline D. McMahon, who has since died. The trust deed provided in the event of her death without children:

"IN TRUST, however, if my said granddaughter, Mary Flett, shall leave no child or children her surviving, then, IN TRUST, to pay and distribute the principal of the said trust estate unto her husband, William Flett. *In the absence of children or husband surviving my said granddaughter* then to pay and distribute the principal estate unto such persons entitled to the estate of my said granddaughter under the Laws of the Commonwealth of Pennsylvania." (Italics supplied.)

Counsel have entered into a stipulation reciting the provisions of the will and agreeing to the following facts:

"3. When the deed of trust was executed, April 5, 1928, Mary Flett and William Flett were husband and wife.

"4. Mary Flett and William Flett were divorced from the bonds of matrimony on November 30, 1934.

"5. Mary Flett died on August 5, 1956, without having remarried and without leaving a child or children surviving.

"6. Said William Flett survives.

"7. Said Mary Flett, also known as Mary M. McMahon, left a will which has been duly probated at Norristown, Montgomery County, Pennsylvania, and said will gives all of her estate to her mother, Caroline D. McMahon.

"8. Caroline D. McMahon, the said mother of Mary Flett, died September 29, 1956. By her will duly pro-

bated at Norristown, Montgomery County, Pennsylvania, she named Sanford D. Beecher and Maurice Heckscher as her executors. Letters testamentary on the estate of Caroline D. McMahon were duly granted to the said Sanford. D. Beecher and Maurice Heckscher."

At the audit counsel appeared for William Flett and also for the executors of the estate of Caroline D. McMahon, deceased. They argued their adverse contentions and submitted helpful, comprehensive briefs which the auditing judge has studied with care.

With the delivery on April 5, 1928, of this signed and sealed deed of trust, Mary immediately commenced enjoyment of a vested life estate and William simultaneously obtained a vested estate in remainder. This latter estate was subject to be divested on the occurrence of one or both of the following contingencies: (1) The death of William before Mary; (2) the death of Mary leaving a child or children to survive her. Mary's death has now terminated her life estate; but, since divorce is not the equivalent of death (Jones' Estate, 211 Pa. 364, 381), neither of the stated contingencies has occurred. Settlor having failed to specify divorce as an act of divestiture, this court (or even the legislature) cannot write it into the present instrument retroactively: Williamson Estate, 368 Pa. 343; McKean Estate, 366 Pa. 192; Crawford Estate, 362 Pa. 458. As the divorce did not *imply* termination of Mary's life estate (Jones' Estate, supra, 383), no more can it *cause* a divesting of William's remainder.

Giving full consideration to all of the language employed by settlor (Damiani v. Lobasco, 367 Pa. 1, 7), especially the three references to "William" or "husband", settlor's intention manifests no uncertainty. As counsel for Mrs. McMahon's executors rightly concedes, this deed is devoid of direction to pay principal to any husband of Mary other than William. Ob-

viously then the use of the word "husband" alone in the italicized portion above constitutes a synonymous reference to William, and expresses no limitation or condition as to the capacity in which he must take. . . .

And now, May 28, 1957, the account is confirmed nisi.