Mason Estate.

Argued March 23, 1959.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Benjamin Jacobson,* with him *Morris B. Greenberg,* for appellant.

*James L. Lawler,* with him *Prichard, Lawler & Geltz,* for Potter Bank & Trust Company, appellee.

OPINION BY MR. JUSTICE BELL, April 20, 1959:

Ira C. Mason, in the Fifth paragraph of his last will dated October 27, 1953, gave and devised his real

estate, 2130 Wylie Avenue, Pittsburgh, and the liquor business thereon conducted, to his brother Arnold, his daughter Vivian, and his employee George Moore, equally. Moore, in his petition to the Orphans' Court, prayed to have a deed of trust (hereinafter reviewed) made by Mason to Potter Bank and Trust Company, declared testamentary and void as to him and as to creditors of Mason's estate. From a Decree which dismissed his petition, Moore took this appeal.

Mason, as donor, and Potter Title and Trust Company, as trustee, executed a deed or agreement of trust dated September 7, 1950. The relevant provisions of this trust agreement are as follows:

The donor granted and conveyed to the trustee four specific parcels of real estate—the deed to each of which was duly recorded in the Office of the Recorder of Deeds of Allegheny County—upon the following terms and conditions: The trustee was to manage all the real estate, pay the taxes, and make all necessary repairs, collect the income and distribute the net income from the trust to the donor during his life. Upon the death of the donor the trustee's active duties were to continue, but it was to invest and reinvest the trust fund only in legal investments. It was then to pay the net income in specified proportions to Mason's wife, his daughter Mary, his daughter Vivian, and his sister Juanita Winston, until donor's youngest child attained the age of 35 years, or if said child shall not attain the age of 35 years, then "in the year 1962, the Trustee shall pay over four-twelfths (4/12) of the principal of the Trust Fund to the Donor's wife, . . .; three-twelfths (3/12) of the prinicpal . . . to the Donor's daughter, Mary . . .; three-twelfths (3/12) of the principal . . . to the Donor's daughter, Vivian . . .; and two-twelfths (2/12) of the principal . . . to the Donor's sister, Juanita Winston, . . . ." All of these

gifts in remainder were absolute and freed and discharged of all trusts. The trust contained one of the usual spendthrift trust provisions, including a prohibition against sale or assignment.

By trust agreement dated December 31, 1951, Mason and the Trust Company executed another trust agreement by the terms of which donor added his farm property to the original 1950 trust, to be held for the same persons, uses and trusts as were set forth in the 1950 trust. On October 27, 1953, Mason and the Trust Company executed another trust agreement under the terms of which donor added an additional property to the original 1950 trust to be held for the same persons, uses and trusts as therein set forth. On July 15, 1955 Mason executed a deed with the joinder of his wife, conveying premises 2130 Wylie Avenue, Pittsburgh, to the Potter Bank and Trust Company. This deed, as well as all the other deeds, was duly recorded.

All of the remaindermen survived testator and are still living; the record is silent as to the age of donor's youngest child. No consideration was paid for said trust agreements, or for the conveyance of any property included therein.

Appellant contends that these deeds or trust agreements were testamentary and null and void because the 1950 trust (and likewise the 1951 and 1953 trusts) included the following provisions: The donor reserved the right during his lifetime to withdraw a part or all of the principal of the trust and to revoke, alter or amend the trust in whole or in part. The donor reserved the right to add additional real estate or personalty to the trust fund. The trustee was given the right to mortgage or sell any real estate, but could do so during the lifetime of the donor only with the express authorization of the donor. In the event that *all* of the beneficiaries of the trust predeceased the

donor, or died prior to the termination of the trust, their shares were to be paid to donor's then living heirs at law.

Mason mortgaged two of the properties and in order to do so, the Trust Company conveyed the properties to him, he made the mortgage and reconveyed the properties to the Trust Company, trustee under the provisions of the 1950 trust agreement.

On February 10, 1956, Mason assigned his income from the trust to certain named judgment creditors until the expiration of a certain lease. On January 15, 1957, Mason assigned his income to the Trust Company as collateral security for the payment of a $5,000 loan.

Appellant contends, we repeat, that the aforesaid agreements of trust were testamentary, that the remaindermen named therein had only a contingent interest, and that as to devisees in the testator's will and subsequent creditors, the said trust agreements or deeds of trust were null and void. We find no merit in these contentions.

The law of Pennsylvania is well and clearly settled that a deed of trust or trust agreement made by a solvent settlor, which creates a present interest in the beneficiaries of the trust and gives to the trustee active duties, is a valid inter vivos trust* and is not testamentary in character even though the donor reserved a life estate to himself, together with a power to alter, revoke or amend the trust in whole or in part. Moreover, the fact that the interest of the remaindermen does not take effect in possession or enjoyment until the death of the settlor will not make the trust testamentary in character or null and void: *Windolph v.*

---

* As to the rights of a wife after January 1, 1948, see Estates Act of 1947, P. L. 100, §11, as amended, 20 PS §301.11. Cf. also *Henderson Estate*, 395 Pa. 215, 149 A. 2d 892.

*Girard Trust Company*,\* 245 Pa. 349, 91 A. 634; *Henderson Estate*, 395 Pa. 215, 149 A. 2d 892; *McKean Estate*, 366 Pa. 192, 77 A. 2d 447; *Lines v. Lines*, 142 Pa. 149, 21 A. 809; *Beirne v. Cont.-Equitable T. & T. Co.*, 307 Pa. 570, 161 A. 721; *Dickerson's Appeal*, 115 Pa. 198, 8 A. 64; *Shapley Trust*, 353 Pa. 499, 46 A. 2d 227; *Reese's Estate*, 317 Pa. 473, 177 A. 792; *Pengelly Estate*, 374 Pa. 358, 97 A. 2d 844; *Curry Appeal*, 390 Pa. 105, 134 A. 2d 497; *Murphey v. C. I. T. Corp.*, 347 Pa. 591, 594, 33 A. 2d 16; Restatement, Trusts, §57(1); Scott on Trusts, §57.1.

In the leading case of *Windolph v. Girard Trust Company*, 245 Pa., supra, a wife gave to her mother as trustee a large part of her personal estate, in trust, to collect the income and pay it (a) to the settlor for life, and (b) after her death to pay an annuity to her husband so long as he remained unmarried, and (c) the balance of the income to the trustee herself, and (d) after her death the balance of the income to settlor's two brothers, and (e) on their death the principal to their issue and (f) if no minor issue of the brothers shall. survive them, then the entire estate to charity. The settlor reserved the right to change or amend or revoke the trust in whole or in part. After settlor's death the husband sought to set the trust aside and have it declared null and void, because (1) it was executed in fraud of his marital rights and (2) was testamentary in character. The Court sustained the trust and said (page 363): ". . . If the gift is absolute and *accompanied by a transfer of possession with intent to divest the donor of his ownership*,\*\*

---

\* Prior to this case the authorities were conflicting as to whether the reservation of a life estate and a power of revocation made the trust testamentary. See *Curry Appeal*, 390 Pa. 105, 134 A. 2d 497.

\*\* Italics throughout, ours.

although the obvious effect is to defeat the wife's or children's succession to the property at the donor's death, it is not fraudulent and therefore invalid. . . .

"The plaintiff further contends that the instrument of July 16, 1909, is not a deed of trust, but is testamentary in its nature. If this be true, it would not, of course, deprive the husband of his interest in the property embraced in the deed, as the wife would die possessed of the property and hence his statutory interest therein would be unquestionable. It is contended that the instrument bears upon its face evidence that it was not intended to take effect in the lifetime of Annie Windolph. These evidences of its testamentary character, it is claimed, are that the settlor reserved to herself the entire income from the trust property during her life, that the estates of the remaining cestui que trustent were not to take effect in possession or enjoyment until after her death, and that there was a power of revocation reserved in the instrument . . . these reasons are not sufficient to avoid the deed as a valid declaration of trust and to show that it was intended as a disposition of property to take effect after death. . . . *The intention of the settlor 'at the delivery of the deed was to part with the legal title* and the reservation to herself of a life interest and the enjoyment of the estate until her death did not invalidate the trust as to the beneficiaries named in the deed: Lines v. Lines, 142 Pa. 149; Nolan v. Nolan, 218 Pa. 135; Wilson v. Anderson, 186 Pa. 531; . . . ."

*Shapley Trust,* 353 Pa., supra, upon which appellant relies, clearly points out the distinction between (1) a valid inter vivos trust and (2) a testamentary trust, but it does not support appellant. The Court sustained the validity of that trust and said (pages 500-501) : "The question raised by these appeals is whether this *inter vivos* deed of trust is testamentary. . . .

"The deed and its amendment transferred a fund to a named trustee, with active duties, to pay the income to settlor for life and *'in addition thereto so much of the principal thereof . . . as I may in writing from time to time request'* and at settlor's decease to transfer the corpus to named beneficiaries. Settlor reserved the right to revoke, alter or amend, in whole or in part. A will, dated some nine years after the date of the deed, made a different disposition of settlor's estate than that provided in the deed for the distribution of the trust fund.

". . . where the deed vests a present interest in the beneficiaries it is a valid *inter vivos* trust. It is not rendered testamentary in character because the settlor reserves a beneficial life estate, and in addition, a power to revoke or modify in whole or part. See Windolph v. Girard Trust Company, 245 Pa. 349, 91 A. 634; Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570, 161 A. 721; Fidelity Trust Company, Admr., v. Union National Bank of Pittsburgh et al., 313 Pa. 467, 169 A. 209; Reese's Estate, 317 Pa. 473, 177 A. 792; Section 57 (1) Restatement, Trusts; Scott on Trusts, Section 57.1.

"Where, however, settlor in addition to the reservations above mentioned, reserves the power to control the trustee as to the details of the administration of the trust, and thus makes the trustee *merely the agent of the settlor*, the scheme becomes testamentary as to dispositions intended to take effect after death. See Turner v. Scott, 51 Pa. 126; Frederick's Appeal, 52 Pa. 338; Rick's Appeal, 105 Pa. 528; Beaumont's Estate, 214 Pa. 445, 63 A. 1023; Hurley's Estate, 16 D. & C. 521; Section 57 (2) Restatement, Trusts."

*Pengelly Estate*, 374 Pa., supra, which is likewise relied upon by appellant, aptly illustrates the difference between a valid inter vivos trust and a trust cre-

ated in the lifetime of settlor which was testamentary in character.* In that case this Court found from the provisions of the trust and from the evidence "that the trust instrument merely effected a continuation of a previously existing *agency* relationship; . . . [and consequently the trust instrument was testamentary in character]."

The present trust agreements created not a mere agency but active trusts, with active duties to be performed by the trustee.

Decree affirmed; costs to be paid by appellant.

---

* See also *Brown Estate*, 384 Pa. 99, 119 A. 2d 513.