## Black Estate

*James R. Ledwith,* for Glenmede Trust Company.
*John G. Shea,* for settlor.
*Richard L. Grossman,* guardian and trustee ad litem.

TAXIS, *S.J.* July 30, 1990 — On September 5, 1989, the court audited the trust Frances Pew Black, now Frances Pew Hayes, established by deed of trust on January 31, 1959, as amended on November 8, 1988. Contemporaneously with the petition for adjudication filed by the· trustee, the settlor filed with the court a petition to change situs or, in the alternative, to terminate the trust. After the appointment of a guardian and trustee ad litem on September 29, 1989, a hearing was held on March 19, 1990, on the settlor's petition for change of situs or termination of the trust. A motion for nonsuit on the issues of change of situs and termination of the trust has been filed by Glenmede Trust Company.

At the hearing, Mrs. Hayes, the settlor, testified that she is currently a resident of the State of Florida, she has a good working relationship with a trust company in Florida which has handled her personal financial affairs, and that she would like the same trust company to handle the affairs of the

instant trust as its trustee. In addition, she expressed her dissatisfaction with Glenmede Trust Company on a personal level, relating that she is unhappy with them because they don't consult her about the administration of the trust, and just send her papers to sign instead.

Section 725 of the Probate, Estates & Fiduciaries Code, 20 Pa.C.S. §725, gives the court the power to change the situs of a trust when it finds "the change necessary or desirable for the proper administration of the trust." In all but two of the cases in which the courts have been called upon to order a change of situs, all of the interested parties have agreed that the change is "necessary or desirable." The court involved granted the petition for change of situs in one of the two contested cases, and denied it in the other.

*Carr Estate,* 5 D.&C. 3d 359 (1977), is the case in which the contested petition for change of situs was granted. A review of the facts clearly explains the reasons for the court's decision. The party opposing change of situs in *Carr Estate* was the corporate trustee. This trustee, however, had been removed by petitioners under a discretionary power of removal granted them in the deed of trust. All of the other interested parties, including the successor corporate trustee, agreed to the change of situs. Furthermore, none of the beneficiaries were residents of Pennsylvania; all of the trustees lived in North Carolina, the requested situs for the trust; and two-thirds of the trust assets were North Carolina municipal bonds.

*Parriott Trust,* 48 D.&C. 2d 597 (1969), is the case in which a contested petition for change of situs was denied. The facts of *Parriott Trust* are similar to those in the case at hand. In both cases, the settlor and life tenant, who had no administrative or man-

agement responsibilities, requested the change of situs of a trust to her state of domicile. Such request came after many years of proper administration by the corporate trustee. In *Parriott Trust,* the court stated that a change of situs "is not a matter to be taken lightly but one which must be carefully considered by the court and all aspects of such a change carefully reviewed." *Id.* at 601. The *Parriott* court refused to change situs because the change offered no advantages for proper administration, and, therefore, it was neither necessary nor desirable. The report of the guardian and trustee ad litem was given great weight by the court in reaching its decision.

None of the cases dealing with change of situs discuss the requisite burden of proof. Because change of situs by necessity requires the removal of a trustee, a party requesting change of situs should not be held to a lesser burden of proof than one requesting the removal of a trustee. A party requesting change of situs, therefore, must present clear and convincing evidence that change of situs is necessary and desirable in order to meet its burden of proof on a petition for change of situs. See *In re Estate of Croessant,* 482 Pa. 188, 393 A.2d 443 (1978).

In the instant case, the settlor did not meet this burden of proof. The only evidence presented related to settlor's dissatisfaction with the present trustee on a personal level and her personal liking of the proposed successor trustee in Florida. This evidence in no way satisfied the requirements of section 725 of the PEF Code which call for clear and convincing evidence that change of situs is necessary and desirable. As the *Parriott* court so aptly stated, "under the statute . . . a change [of situs] shall not be made to satisfy the mere whim or caprice of a party in interest." *Parriott Trust* at 601.

A change of situs, therefore, would be inappropriate in the instant case.

Settlor's petition alternatively requests the court to terminate the trust. The grounds for termination set forth by settlor are that the trustee should have consented to settlor's revocation of the trust.

A settlor of an inter vivos trust may exercise a reserved power of revocation only in the manner set forth in the trust document. *Damiani v. Lombasco,* 367 Pa. 1, 79 A.2d 268 (1951). "Where the exercise of a reserved power is made dependent upon the acquiescence of a trustee other than the settlor himself, the procurement of such acquiescence is necessary to enable the settlor to act." *Id.* (citations omitted) A trustee granted discretionary power of this sort cannot be compelled to terminate the trust. *Id.* Furthermore, "[t]o the extent to which discretion is conferred upon the trustee, the exercise of the power granted is not subject to the control of the court, except to prevent an abuse by the trustee of her discretion." *Id.*

At the hearing on settlor's petition, she presented no evidence that the trustee abused its discretion by withholding its consent to the termination of the trust. Without such evidence, the court is obligated to find that the trustee acted appropriately when it refused its consent.

For the foregoing reasons the court enters the following

## DECREE NISI

And now, July 30, 1990, it is hereby ordered that Glenmede Trust Company's motion for nonsuit is granted. This decree shall become final unless exceptions to it are filed within 20 days from the date of this decree.