579 A.2d 952

In re ESTATE OF Melvin A. DOTTERRER, Deceased.

**Appeal of Harry A. JONES, Jr. and Olive J. Humphreys, Beneficiaries.**

Superior Court of Pennsylvania.

Argued June 19, 1990.

Filed Aug. 27, 1990.

104

Jonathan P. Clunies, Pittsburgh, for appellants.

Robert J. Stock, Butler, for Stalker, participating party.

Before CIRILLO, President Judge, and OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from the Order of September 21, 1989 finding the July 20, 1973 amendment to Article VIII is a valid amendment for the residuary trust and directing the trustee to distribute the trust property in accordance with its terms. Following denial of appellant's motions for post-trial relief on November 24, 1989, the instant appeal was filed. The underlying action for declaratory judgment on petition by Citizens National Bank of Evans City involves a revocable inter vivos trust agreement the deceased, Melvin A. Dotterrer, entered into in 1972 with Citizens National Bank. Income from the trust was to be paid to Melvin Dotterrer during his lifetime. The trust agreement specified upon the grantor's death, two trusts were created. Trust 1 ("the marital trust") was established for the benefit of the grantor's wife, Laura J. Dotterrer, during her lifetime. Trust 2 ("the residuary trust") was established to benefit various individuals and charities. The marital trust granted Laura Dotterrer a general testamentary power of appointment, and she had a limited right to withdraw princi-

pal from the residuary trust, but no power of appointment. Citizens National Bank was named as trustee.

On or about July 20, 1973, the grantor initialed and reinitialed a purported holographic amendment to the trust agreement, although the handwritten document was never executed by or delivered to the trustee; the holographic document purported to amend Article VIII of the trust agreement, which directed the distribution of the residuary trust, by changing the named beneficiaries of the residuary trust, the property they would receive and prohibiting the sale of stocks owned by the grantor.

The grantor died testate on October 13, 1975, and on March 5, 1979, a final decree was entered, allocating the estate between the two trusts. Laura J. Dotterrer died testate on April 30, 1984, with her will exercising her power of appointment over the marital trust assets in favor of Donald and Barbara Stalker. The residue of her estate was left equally to her niece and nephew, appellants Olive J. Humphreys and Harry A. Jones, Jr. Following the death of the grantor's wife, it became necessary for the trustee to distribute the assets of the residuary trust. The trustee thereafter filed the above petition for declaratory judgment in order to determine the validity of the purported amendment to Article VIII of the trust agreement. By Order dated September 21, 1989, the trial court determined the July 20, 1973 amendment to be valid and directed the trustee to distribute the trust in accordance with its terms. This appeal follows denial of motions for post-trial relief.

On appeal, appellants first argue the trial court erred in holding the purported holographic amendment to Article VIII of the trust agreement did not change the duties to be performed by the trustee and did not require the trustee's consent. Appellants argue the amendment amounts to a significant change in the trustee's duties, which would require the trustee's consent, inasmuch as the amendment changes the distribution of the trust to other beneficiaries and prohibits the sale of stock.

It is well settled in Pennsylvania a revocable trust can only be revoked or amended in accordance with the terms of the trust. *In re Trust of Kaufmann,* 460 Pa. 24, 331 A.2d 209 (1975); *Damiani v. Lobasco,* 367 Pa. 1, 79 A.2d 268 (1951). Article I, § C. of the trust agreement provides:

> The Grantor reserves the right and power at any time and from time to time during his life, to revoke in whole or in part this Trust Agreement and to withdraw any insurance policy, security, property or other funds belonging to the trust estate or any part thereof; or to alter or amend any term or provision of the Trust Agreement, except that *the Grantor shall have no power to change the duties of the Trustee without its written consent.* Upon the death of the Grantor, this Trust Agreement shall thereafter be irrevocable and not subject to alteration or amendment by any person. (Emphasis added.)

From our examination of the record in this case, as well as our analysis of the law of trusts, this Court finds the changes made to the trust agreement by the grantor do not constitute changes in the trustee's duties.

Appellant argues that the prohibition of the sale of any of the stock or bonds in the trust corpus, the changes in the amount of distribution to be made to each of the beneficiaries under the trust and the alteration of the sequence in which distribution is to be made, constitute a significant change in the trustee's duties. Such an interpretation confuses the duties of the trustee with the results of those duties. We therefore find this argument without merit, and cite with approval a portion of the trial court Opinion:

> In the context of trust administration, the duties of a trustee arise out of the fiduciary relationship between the trustee and the beneficiary. In cases where there is no provision, express or implied, in the terms of the trust, the duties and powers of the trustee are governed by the principles and rules which have evolved by courts of equity for the governing of the conduct of trustees. The duty of loyalty is imposed as a duty arising out of the

trustee/beneficiary relationship even though the creator of the trust did not expressly or impliedly provide for such a duty. Even this duty, however, can be modified by provisions in the terms. Other duties may be modified also, such as the duty not to delegate, the duty to keep and render accounts, or the duty to use reasonable care and skill in the administration of the trust account [sic] 2A *Scott on Trusts* Section 164 (1987). In the present case, the Trustee's duties to administer the trust properly are not changed by the amendment. Only the scheme of distribution and the power to dispose of the stock are changed. Thus, this Court finds that a change of duties did not occur in the amended Agreement, therefore, consent by the Trustee was not required.

(Slip Op., O'Brien, J., 9/22/89, pp. 3–4.)

█ Appellant's second argument is the trial court erred in holding that the trust agreement could be amended by an instrument executed with only the grantor's initials.

The trial court and the parties were unable to discover any Pennsylvania authority which addresses this issue directly, and our research of this issue similarly has failed to disclose any caselaw on point. Our Supreme Court, however, has stated previously: "The principles applicable to the construction of trust instruments are essentially the same as those used in the construction of wills." *Matter of Tracy*, 464 Pa. 300, 304, 346 A.2d 750, 752 (1975) (footnote omitted).

While oral trusts are enforceable, *In re Estate of Trbovich*, 488 Pa. 583, 413 A.2d 379 (1980), the trust involved instantly concerns realty, and therefore the Statute of Frauds requires the trust be in writing. 33 Pa.C.S. § 2. The Statute of Frauds contains no directive as to what writing constitutes a sufficient memorandum, but prior decisions have established that to satisfy the statute, the memorandum need only contain a sufficient statement of the terms of the agreement and the signature of the grantor. *In re Estate of Beeruk*, 429 Pa. 415, 241 A.2d 755 (1968). The signature need not be in any particular form,

but must only provide some reliable indication that the grantor intended to authenticate the writing. *Hessenthaler v. Farzin*, 388 Pa.Super. 37, 564 A.2d 990 (1989).

In the case at bar, the original trust agreement, executed by the grantor in 1972, was in writing and set forth the terms of the trust and the intended distribution of assets. The agreement also contained the complete signatures of the grantor and the trustee's representative. The 1973 holographic amendment, however, while clearly setting forth the changes to be made in the trust agreement, is followed only by the grantor's initials. Appellants concede the initials are those of the grantor, but only contest the validity of initialing the trust amendment. Again applying the analogy of the execution of wills to the execution of trusts, we find initialing the agreement constitutes a valid signature and execution. *In re Kehr's Estate*, 373 Pa. 473, 95 A.2d 647 (1953).

The trial court, in deciding this case, relied upon decisions in other jurisdictions that addressed the similar issues. *George W. Watkins Family v. Messenger*, 115 Idaho 386, 766 P.2d 1267 (1988). The court also relied upon a contract analysis of signature and execution. *See Restatement (Second) of Contracts*, Section 134, Comment a (1981). While we do not find this analysis necessary to a determination of the merits of this case, this Court may affirm a decision of the trial court when it is correct on any legal ground without regard to the ground on which the court relied. *Baker v. Morjon, Inc.*, 393 Pa.Super. 409, 574 A.2d 676 (1990); *Wecht v. PG Pub. Co.*, 353 Pa.Super. 493, 510 A.2d 769 (1986).

Order affirmed.